**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Michael Vincent TRUSTY,
Defendant—Appellant.**

No. 02–30304.

D.C. No. CR–01–00378–TSZ.

United States Court of Appeals,
Ninth Circuit.

Submitted June 9, 2003.*

Decided June 17, 2003.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before RYMER, THOMAS and SILVERMAN, Circuit Judges.

MEMORANDUM**

Michael Vincent Trusty appeals the 15–month sentence imposed following his guilty plea conviction for willful damage to civil aircraft, in violation of 18 U.S.C. § 32(a)(1). We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo the district court's interpretation of the Sentencing Guidelines, and for clear error its factual findings in the sentencing phase. *United States v. Johansson,* 249 F.3d 848, 858 (9th Cir.2001). We affirm.

Trusty contends that the district court erred by enhancing his sentence based on a loss amount exceeding $30,000 under U.S.S.G. § 2B1.1(b)(D) because the amount of loss is not supported by a preponderance of the evidence. We disagree.

■ The district court's finding was based on the actual cost estimates submitted by defense counsel which totaled approximately $25,000, and testimony from the government's expert estimating an additional $3,000 in lost revenue for each of the 45 hours the planes were grounded. Based on this record, we cannot say the district court clearly erred. *See* U.S.S.G. § 2B1.1 App. n. 2(C) (explaining that the court need only make a reasonable estimate of the loss).

■ Trusty further contends the district court erred by increasing his offense level for conscious or reckless risk of death or serious bodily injury under section 2B1.1(b)(11) because the enhancement is not supported by a preponderance of the evidence. This contention lacks merit.

Based on testimonial evidence, the district court found that Trusty's conduct posed a serious risk of possible death or bodily injury because it caused damage to the aircrafts' back up systems, increasing

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

the likelihood of a catastrophe. *See United States v. West Coast Aluminum Heat Treating,* 26 F.3d 986, 992 (9th Cir.2001) (holding that defendant's false statements concerning compliance with contract specifications for airplane parts constituted a risk of serious bodily injury); *United States v. Johansson,* 249 F.3d 848, 859–60 (9th Cir.2001) (applying conscious risk of serious bodily injury enhancement where defendant created false logbooks to conceal driving violations in order to circumvent safety regulation limiting the number of hours truckers may drive). In light of the evidence, the district court did not err by applying a two-level enhancement under section 2B1.1(b)(11).

**AFFIRMED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.